Eastern District of Kentucky
**F I L E D**

JAN 1 3 2022

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

V.                                              INDICTMENT NO. 22-1-GFVT

**KEITH COOPER**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1. At all relevant times, the Greenup County Sheriff was an agent of Greenup County, Kentucky, a local government within the purview of 18 U.S.C. § 666(a)(1).

2. At all relevant times, the Greenup County government received over $10,000 in federal funding, and thus, was a federally funded entity within the purview of 18 U.S.C. § 666(b).

3. At all relevant times, the Greenup County Sheriff was responsible for the supervision and administration of the Greenup County Sheriff's Office ("GCSO"), including the Deputy Sheriffs and administrative staff employed by the GCSO.

4. From a date in or about 1996 until on or about December 31, 2018, KEITH COOPER was the Greenup County Sheriff.

5. At all relevant times, COOPER had access to bank account number \*\*194, which was maintained at First Peoples Bank & Trust Company in Russell, Kentucky

(hereinafter, the "Special Enforcement Account"). At all relevant times, the Special Enforcement Account was used to maintain funds that had been seized and forfeited as a result of GCSO investigations and prosecutions of violations of Kentucky's state criminal laws. Per Kentucky Revised Statute 218A.420(4), these funds were to be used only for direct law enforcement purposes. At all relevant times, COOPER had the ability to withdraw funds from the Special Enforcement Account.

6. At all relevant times, COOPER possessed and used a vehicle that had been paid for with Greenup County funding and that was to be used primarily for official business. At all relevant times, COOPER also possessed and used a credit card that was to be paid with Greenup County funding, and which was to be used for fuel in the aforementioned vehicle.

7. At all relevant times, the GCSO provided firearms to COOPER and GCSO Deputy Sheriffs for use on official duty. The GCSO used Greenup County funding to purchase ammunition associated with those same weapons, all to provide to COOPER and GCSO deputies for firearms training and for official duty use.

8. As the Greenup County Sheriff, COOPER had substantial authority over the deposit of funds into and expenditure of funds from the Special Enforcement Account, the use of his official vehicle and credit card, and purchases of firearms and ammunition with public funds. COOPER repeatedly abused this authority by wrongfully using these public resources for his own benefit.

## COUNT 1
## 18 U.S.C. § 1341

9.  From a date in early 2013, the exact date unknown, until on or about March 7, 2017, in Franklin County and elsewhere in the Eastern District of Kentucky,

## KEITH COOPER

devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, and for the purpose of executing such scheme and artifice, knowingly caused to be delivered by mail in accordance with the directions thereon the mailing referenced in paragraph 13 below.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the scheme included, among others, the following:

10.  COOPER made cash withdrawals from the Special Enforcement Account purportedly for law enforcement purposes. COOPER also held cash obtained by the GCSO through valid law enforcement seizures of proceeds involved in illegal drug transactions, instead of depositing this cash into the Special Enforcement Account. COOPER converted these funds for personal and otherwise unauthorized uses as he deemed fit.

11.  COOPER fraudulently attempted to conceal his conversions of these funds by insisting that cash and certain other items seized from drug investigations be placed in a drawer in his office instead of a GCSO evidence locker.

12. COOPER fraudulently attempted to conceal his conversions of these funds by fabricating details about illegal drug activity that he purportedly investigated, directing a GCSO Deputy Sheriff to prepare case reports with these fabricated details, and providing these case reports to a state agency investigating the whereabouts of cash withdrawn from the Special Enforcement Account and seized in illegal drug transactions.

## EXECUTION OF THE SCHEME

13. On or about March 7, 2017, in Franklin County and elsewhere in the Eastern District of Kentucky,

### KEITH COOPER

for the purpose of executing the above-described scheme and artifice, and in order to effect the objects thereof, knowingly caused to be delivered by mail in accordance with the directions thereon, a mailing from the Office of the Greenup County Sheriff, in Greenup, Kentucky, to the Office of the Kentucky Attorney General, in Frankfort, Kentucky, enclosing investigative reports describing details of investigations that COOPER had fabricated.

All in violation of 18 U.S.C. § 1341.

## COUNT 2
### 18 U.S.C. § 666(a)(1)(A)

14. The allegations contained in the Background section above are restated and incorporated herein by reference.

15. At multiple points during his tenure as Greenup County Sheriff, COOPER directed GCSO Deputy Sheriffs to make purchase orders for ammunition that did not

correspond to the firearms issued by the GCSO for official duty purposes. In this manner, the GCSO accumulated thousands of dollars' worth of ammunition for which it had no official use, all purchased with public funds.

16. In or about 2017, COOPER directed GCSO Deputy Sheriffs to relocate multiple boxes of ammunition from the GCSO office space to COOPER's private residence. The ammunition had been purchased with public funds.

17. In or about 2018, upon selling his private residence, COOPER directed GCSO Deputy Sheriffs to relocate multiple boxes of ammunition from COOPER's private residence to a personal storage unit rented and paid for by COOPER in his personal capacity. The ammunition had been purchased with public funds.

18. In or about 2018, COOPER was directed by a Greenup County official to return to the GCSO office space any ammunition paid for with public funds. COOPER directed GCSO Deputy Sheriffs to return a modest amount of ammunition to the office space. COOPER then retained the remainder of the ammunition in his personal storage unit.

19. Upon his departure from office as Greenup County Sheriff on December 31, 2018, COOPER failed to return the remaining ammunition and instead maintained it in his personal storage unit. COOPER unlawfully retained both ammunition that corresponded to GCSO official duty weapons and ammunition for which the GCSO had no official use, all of which had been paid for with public funds. COOPER unlawfully retained a total of approximately 35,000 rounds of such ammunition in his personal

storage unit, for which the GCSO had spent a total of approximately $30,000 in public funds.

20. At various points during the calendar year 2018, COOPER used his official vehicle for personal trips, including trips to Colorado, Tennessee, and Alabama. During the same period, COOPER used his official credit card to pay for over $2,000.00 in fuel for personal trips taken in his official vehicle.

21. In the period of twelve consecutive months between January 1, 2018, and December 31, 2018, in Greenup County, in the Eastern District of Kentucky, and elsewhere,

## KEITH COOPER

being an agent of a local government that received more than $10,000 of federal funds in a twelve month period, embezzled, stole, obtained by fraud, otherwise without authority knowingly converted to the use of a person other than the rightful owner, and intentionally misapplied property valued cumulatively at $5,000 or more and owned by and under the care, custody, and control of the Greenup County government, all in furtherance of a scheme to convert Greenup County property and funds for COOPER's personal use, to wit, the funds that were used for the following things, among others:

    a. Ammunition bought with Greenup County funds;

    b. Use of an automobile bought with Greenup County funds;

    c. Fuel purchased with Greenup County funds for use in the automobile referenced in the preceding subparagraph.

All in violation of 18 U.S.C. § 666(a)(1)(A).

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461

22.     Paragraphs 1-21 are incorporated here for the purpose of alleging forfeiture to the United States of America of certain property in which **KEITH COOPER,** has an interest, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

23.     Upon the convictions of the felony crimes charged in Counts 1 and 2, all real and personal property which represents or is traceable to the gross proceeds obtained directly or indirectly as a result of said the violations, shall be forfeited to the United States, including but not limited to the following: A money judgment in the amount of approximately $58,230 for Count One and approximately $32,045 for Count Two for a total of approximately $90,275.

24.     If any of the proceeds described above, as a result of any act or omission of KEITH COOPER:

   a) cannot be located upon the exercise of due diligence;

   b) have been transferred or sold to, or deposited with, a third party;

   c) have been placed beyond the jurisdiction of the court;

   d) have been substantially diminished in value; or

   e) have been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the

Defendant up to the value of the property subject to forfeiture.

A TRUE BILL

_____

*[signature]*

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 2:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture, if applicable.