UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 3:22-cr-00001-GFVT-MAS |
| v. | ) ) ) | |
| KEITH COOPER, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Matthew Stinnett. [R. 74.] On referral from this Court, Judge Stinnett conducted a rearraignment hearing for Defendant Keith Cooper. *Id.* During the hearing, Mr. Cooper expressed his intent to plead *nolo contendere* to Counts 1 and 2 of the indictment. *Id.* at 1. Judge Stinnett recommends that the Court accept his plea. *Id.* at 2.

Judge Stinnett also recommends that the Court adjudge Mr. Cooper to have forfeited his interest in $90,275. [R. 74 at 3.] The indictment accused Mr. Cooper, the former Greenup County Sherriff, of committing mail fraud and misappropriation of funds from a public program in violation of 18 U.S.C. §§ 1341 and 666(a)(1)(A). [R. 2 at 4–7.] The scheme allegedly involved Mr. Cooper directing deputy sheriffs to order ammunition for purposes other than official use. [R. 2 at 6.] Mr. Cooper moved this ammunition to his home and to a personal storage unit. *Id.* After the county requested that he return the ammunition, the Government alleges that Mr. Cooper kept approximately $30,000 of it in his storage unit. *Id.* Based on these and other allegations, the indictment included a forfeiture allegation totaling $90,275. *Id.* at 8.

To receive review of a Magistrate Judge's recommendation, parties must timely file specific objections to it. *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Only specific objections, rather than generalized complaints, receive review. *See Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002). Mr. Cooper objects to the recommendation on a limited basis. [R. 75.] While he agrees that he will be subject to forfeiture in the amount of $90,275, Mr. Cooper argues that "any order of forfeiture, or corresponding money judgment, must be reduced by the value of the ammunition seized" which he equates to "the value of the ammunition that the Government alleges was misappropriated from the Sheriff's Office." [R. 75 at 1.] The United States agrees that Mr. Cooper should receive an offset and estimates that it will likely be in the amount of $29,458.87. [R. 77 at 1.]

However, the Government is undecided as to whether Mr. Cooper should, notwithstanding the forfeiture offset, be required to pay $29,458.87 in restitution. *Id.* at 2. Although the victim in this case, the Greenup County Sherriff's Office, recovered the ammunition after the Government seized it, the Sherriff's Office has no official use for the ammunition. *Id.* The Government is therefore concerned that the return of the ammunition has not made the Sherriff's Office whole. *Id.* The Government states that it will be prepared to address the issue at sentencing. *Id.*

Having reviewed the objection and response, further development of these issues is required. The Court will take Mr. Cooper's objection under advisement to be resolved at sentencing and adopt Judge Stinnett's recommendation to the extent it does not conflict with the objection. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

    1. The Defendant's Objection **[R. 75]** is taken under advisement;

2. Judge Stinnett's Recommendation to Accept the Guilty Plea **[R. 74]** is **ADOPTED** as and for the Opinion of the Court, with exception to his determination that the Defendant should be adjudged to have forfeited his interest in $90,275;

3. Prior to sentencing, the United States **SHALL** move for a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(A) or move for a general order of forfeiture pursuant to Rule 32.2(b)(2)(C). *See also United States v. Maddux*, 37 F.4th 1170, 1179 (6th Cir. 2022) (describing the best practice under Rule 32.2(b)(2)(C));

4. The Court **ACCEPTS** Defendant Keith Cooper's nolo contendere plea as to Counts 1 and 2 of the Indictment;

5. Based on his plea, defendant Keith Cooper is **ADJUDGED** guilty of Counts 1 and 2 of the Indictment;

6. The Defendant's Jury Trial is **CANCELLED**; and

7. A Sentencing Order shall be entered promptly.

This the 26th day of July 2023.

Gregory F. Van Tatenhove
United States District Judge